IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD, | No. 2:15-CV-2279-JAM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| GARY S. AUSTIN, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

1 | 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2 | if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3 | which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4 | allege with at least some degree of particularity overt acts by specific defendants which support
5 | the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6 | impossible for the court to conduct the screening required by law when the allegations are vague
7 | and conclusory.

8 |       For defendants, plaintiff names 12 judges of this court.  Plaintiff claims that
9 | defendants "have me unlawfully, and innocently, entrapped and falsely imprisoned in a state
10 | prison. . . ."  Plaintiff requests that the defendant judges be "punished for contempt."

11 |       Judges are absolutely immune from damage actions for judicial acts taken within
12 | the jurisdiction of their courts.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988)
13 | (per curiam).  This immunity is lost only when the judge acts in the clear absence of all
14 | jurisdiction or performs an act that is not judicial in nature.  See id.  Judges retain their immunity
15 | even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9,
16 | 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are
17 | accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).

18 |       Plaintiff in this case does not allege any facts which would suggest that the
19 | defendant judges acted in the clear absence of all jurisdiction or performed acts non-judicial in
20 | nature.  Given that plaintiff fails to allege facts which would pierce judicial immunity, this matter
21 | should be dismissed.

22 |       Because it does not appear possible that the deficiencies identified herein can be
23 | cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
24 | the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
25 | / / /
26 | / / /

1  Based on the foregoing, the undersigned recommends that this action be
2  dismissed.
3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court.  Responses to objections shall be filed within 14 days after service of
7  objections.  Failure to file objections within the specified time may waive the right to appeal.
8  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 23, 2016

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE